IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 26-1232

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

SHIRLEY WEBER, *et al.*,

Defendants-Appellees

NAACP; NAACP CALIFORNIA-HAWAII STATE CONFERENCE; SERVICES, IMMIGRATION RIGHTS AND EDUCATION NETWORK; LEAGUE OF WOMEN VOTERS OF CALIFORNIA,

Defendants-Intervenors-Appellees

ON APPEAL FROM THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

APPELLANT'S OPPOSED MOTION TO CONSOLIDATE APPEALS

The United States respectfully moves this Court, pursuant to Federal Rule of Appellate Procedure 27(a), for an order consolidating the above-captioned appeal with *United States v. Oregon* (No. 26-1231). In support of this motion, the United States submits as follows:

1. The United States filed these two underlying actions in the Central District of California and the District of Oregon on September 2, 2025, and September 16, 2025, respectively. *United States v. Weber*, No. 2:25-cv-9149 (C.D. Cal.) (*Weber*), ECF No. 1; *United States v. Oregon*, No. 6:25-cv-1666 (D. Or.) (*Oregon*), ECF No. 1. In both cases, the United States sought production of the States' statewide voter registration list under, among other statutes, the Civil Rights Act of 1960. *Weber*, ECF No. 1 at 16; *Oregon*, ECF No. 1 at 21.

2. In both cases, defendants and intervenors-defendants moved to dismiss the United States' suits for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Weber*, ECF Nos. 37, 62, 67; *Oregon*, ECF Nos. 31-32. In both cases, the district court granted the defendants' and defendants-intervenors' motions to dismiss. *Weber*, ECF No. 128; *Oregon*, ECF No. 73. The United States filed notices of appeal in both cases on February 25, 2026. *Weber*, ECF No. 131; *Oregon*, ECF No. 76.

3. Both appeals present identical and purely legal questions regarding the Attorney General's legal authority under the Civil Rights Act to obtain the requested records from state election officials. Neither

appeal involves factual records and, in any event, the facts alleged in both cases are materially identical. *Compare Weber*, ECF No. 1 ¶¶ 32-45, *with Oregon*, ECF No. 1 ¶¶ 34-64.

4. Consolidation of the two appeals would avoid needless repetition and duplication of the briefing and record in these cases, thereby assisting the Court in its timely review of the United States' appeals. Such efficiency is particularly important given the time-sensitive nature of the Attorney General's records request, which are intended to evaluate California's and Oregon's compliance with federal election laws in the lead-up to the 2026 election.

5. The United States also requests that, upon consolidation, it be permitted to file a single consolidated appellant brief in these appeals.

6. Appellees' counsel informed the United States that: NAACP and SIREN oppose consolidation and will file a response in due course; the State of California and the Secretary of State oppose the motion and will file an opposition to the motion before the applicable deadline; the League of Women Voters of California take no position on this motion.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests an order consolidating the above-captioned appeal with *United States v. Oregon* (No. 26-1231).

    Respectfully submitted,

    HARMEET K. DHILLON
     Assistant Attorney General

    JESUS A. OSETE
     Principal Deputy Assistant Attorney
     General

    <u>s/ Andrew G. Braniff</u>
    ANDREW G. BRANIFF
    DAVID N. GOLDMAN
    CHRISTOPHER C. WANG
     Attorneys
     Department of Justice
     Civil Rights Division
     Ben Franklin Station
     P.O. Box 14403
     Washington, D.C. 20044-4403
     (202) 532-3803