No. 26-1232

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*

v.

SHIRLEY WEBER, et al.,
*Defendants-Appellees.*

NAACP; NAACP CALIFORNIA-HAWAII STATE CONFERENCE SERVICES, IMMIGRATION RIGHTS AND EDUCATION NETWORK; LEAGUE OF WOMEN VOTERS OF CALIFORNIA,
*Defendants-Intervenors-Appellees*

---

ON APPEAL FROM THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

---

**LEAGUE OF WOMEN VOTERS OF CALIFORNIA'S OPPOSITION TO UNITED STATES OF AMERICA'S EMERGENCY MOTION TO EXPEDITE APPEAL**

---

GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
ANGELICA SALCEDA (SBN 296152)
asalceda@aclunc.org
ACLU FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

JULIA A. GOMEZ (SBN 316270)
jgomez@aclusocal.org
PETER ELIASBERG (SBN 89110)
peliasberg@aclusocal.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5232

THERESA J. LEE (NY 5022769)
tlee@aclu.org
SOPHIA LIN LAKIN (NY 5182076)
slakin@aclu.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

PATRICIA J. YAN (NY 5499173)
pyan@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

*Counsel for Defendants-Intervenors-Appellees*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................iv

INTRODUCTION ..........................................................................1

BACKGROUND .............................................................................3

ARGUMENT ...............................................................................8

    I.   The United States Has Not Shown Good Cause. ...........................8

    II.  The Proposed Briefing Schedule Prejudices Appellees. ................13

CONCLUSION ............................................................................15

CERTIFICATE OF COMPLIANCE ....................................................17

CERTIFICATE OF SERVICE ...........................................................18

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Grundmann v. Trump,*
   786 F. Supp. 3d 188 (D.D.C. 2025) ....................................................... 12

*Libertarian Party of Ohio v. Husted,*
   751 F.3d 403 (6th Cir. 2014) ................................................................. 10

*Lightfoot v. District of Columbia,*
   No. 01-cv-1484, 2006 WL 175222 (D.D.C. Jan. 24, 2006) ................... 12

*Mi Familia Vota v. Hobbs,*
   977 F.3d 948 (9th Cir. 2020) ................................................................... 9

*Northeast Ohio Coalition for Homeless v. Husted,*
   696 F.3d 580 (6th Cir. 2012) ................................................................. 10

*TGP Communications, LLC v. Sellers,*
   No. 22-16826, 2022 WL 17484331 (9th Cir. Dec. 5, 2022) .................. 10

*United States v. Weber,*
   No. 2:25-CV-09149-DOC-ADS, 2026 WL 118807 (C.D. Cal. Jan. 15,
   2026) ........................................................................................................ 7

*Usherson v. Bandshell Artist Management,*
   No. 19-CV-6368 (JMF), 2020 WL 4228754 (S.D.N.Y. July 22, 2020) .. 13

*Washington v. Trump,*
   No. 2:25-CV-00244-LK, 2025 WL 3144950 (W.D. Wash. Nov. 10,
   2025) ...................................................................................................... 11

**Statutes**

28 U.S.C. § 1657(a) ................................................................................. 1, 8

**Rules**

Fed. R. App. P. 29 ..................................................................................... 15

iv

Fed. R. Civ. P. 4(a)(1)(B) ................................................................ 12

9th Cir. R. 27-12 .................................................................... 1, 8

9th Cir. R. 27-3(a) .................................................................... 11

9th Cir. R. 31-2.1 .................................................................... 15

9th Cir. R. 31-2.2 ..................................................................... 1

9th Cir. R. 34-3(5) .................................................................... 8

## Other Authorities

Kaylie Martinez-Ochoa, Eileen O'Connor, & Patrick Berry, Tracker *of*
     *Justice Department Requests for Voter Information, Bren*nan Ctr. for
     Just. (updated Mar. 10, 2026), https://perma.cc/UT2L-CDVG............3

## INTRODUCTION

Appellant, the United States through its Department of Justice ("DOJ"), has not established good cause to justify expediting this appeal, especially not the extremely expedited and lop-sided schedule it seeks. To establish good cause, the United States would need to show that, absent expedition, it will suffer irreparable harm or the appeal may become moot. *See* 9th Cir. R. 27-12; *see also* 28 U.S.C. § 1657(a) (allowing for expedited review "if good cause therefor is shown" based on the "factual context"). But the United States has made no such showing, and its six-week delay in initiating this appeal and other earlier delay tactics belie the urgency it now claims. Moreover, the League of Women Voters of California and other Appellees will be prejudiced by a severely compressed briefing schedule that weighs more heavily on Appellees— giving Appellees one week to respond to briefing that Appellants have had nearly nine weeks to prepare—and that eliminates the option, if needed, of using the streamlined extension available under Ninth Circuit Rule 31-2.2. The United States' motion to expedite should be denied.

The United States makes almost no effort to argue that it will suffer irreparable harm or that its appeal would become moot absent expedited

1

briefing. Instead, it makes threadbare arguments about election security and insists that California must conduct list maintenance ahead of the November elections, an issue that this appeal will not address. Indeed, this case does not implicate *any* questions that demand resolution ahead of November. Rather, the appeal will determine whether the DOJ's effort to demand unredacted voter data to conduct a fishing expedition into California's voter list will be reinstated. The district court held the DOJ lacks the authority to make such a demand and dismissed the DOJ's complaint. Even if the United States' appeal were to be successful and the lower court's dismissal reversed, there would remain multiple issues to be addressed in the district court. In any event, the DOJ's efforts to access state voter data are not tied to any particular election.

Further, any claim of irreparable harm is undermined by the DOJ's lack of urgency throughout this litigation, and courts routinely reject claims of emergency when they are inconsistent with a party's actions in the case. The United States' motion follows a six-week delay in initiating this appeal and months of seeking to slow down and then speed up proceedings before the district court. These actions have forced Appellees to respond to several meritless "emergency" requests from the DOJ,

including this motion. The United States' proposed briefing schedule simply seeks to curtail Appellees' ability to thoroughly respond to the DOJ's arguments on appeal. DOJ's proposed schedule would also completely deprive the numerous expected amici of any time to respond to the parties' briefs, despite the high public interest in this case. The United States should not be rewarded for its dilatory conduct; nor should the Court permit a briefing schedule that is so manifestly unfair to Appellees. The Court should deny the motion to expedite briefing.[1]

## BACKGROUND

Beginning in May 2025, Plaintiff-Appellant the United States, through DOJ, began sending letters to election officials in at least forty states, making escalating demands to produce voter registration databases, with plans to gather data from all fifty states. *See* Kaylie Martinez-Ochoa, Eileen O'Connor, & Patrick Berry, *Tracker of Justice Department Requests for Voter Information*, Brennan Ctr. for Just.

---

[1] Defendant-Intervenor-Appellee the League of Women Voters of California also incorporates by reference the arguments of Defendants-Appellees in opposing consolidation and agree that the California and Oregon appeals can be treated as related, so that "the Court could schedule oral argument in them on the same day before the same panel." (9th Cir. Dkt. 28.1 at 10).

(updated Mar. 10, 2026), https://perma.cc/UT2L-CDVG. DOJ has now sued twenty-nine states and Washington D.C. in courts across the country, demanding access to sensitive state-held unredacted voter data without explaining its intended use of this data—California being one of those states, and this appeal coming from one of the thirty similar suits the United States filed.

On July 10, 2025, DOJ sent a letter to Secretary of State Shirley Weber, seeking information about California's voter list maintenance and demanding an electronic copy of California's full and unredacted voter file including "all fields." Declaration of Malcolm A. Brudigam ("Brudigam Decl.") Ex. 1 (Dist. Ct. Dkt. 37-2 at 6). Secretary Weber responded, providing detailed responses about California's list maintenance processes, and explained that her office could not provide an "electronic copy of an entirely 'unredacted statewide voter registration list,'" citing California laws and noting that the DOJ has no authority to request this information. Brudigam Decl. Ex. 4 (Dist. Ct. Dkt. 37-2 at 15). DOJ sent another letter on August 13, 2025 reiterating its demand for the statewide voter file and, for the first time, citing the Civil Rights Act of 1960. Brudigam Decl. Ex. 5 (Dist. Ct. Dkt. 37-2). Secretary Weber sent

further responses about California's list maintenance program, and again pointed out that DOJ had not established proper legal authority for its demand for voter data but invited the DOJ to view the public state voter list in her office. Brudigam Decl. Exs. 6, 8 (Dist. Ct. Dkt. 37-2).

On September 25, 2025, the United States sued Secretary Weber and the state of California for failure to produce the full and unredacted statewide voter file. *See* Compl. (Dist. Ct. Dkt. 1). However, the United States did not serve Defendant-Appellees until a month later, on October 27, 2025. Proof of Service to Def. State of California (Dist. Ct. Dkt. 28); Proof of Service to Def. Shirley Weber (Dist. Ct. Dkt. 29). And shortly after filing suit, on October 1, 2025, the United States filed a motion to stay the case pending the lapse in appropriations due to the federal government shutdown and requested that "all current deadlines for the parties be extended commensurate with the duration of the lapse in appropriations." *See* Mot. to Stay (Dist. Ct. Dkt. 6 at 3). The parties continued to work on this case pending the motion to stay, and on November 13, 2025, after Congress restored appropriations to the federal government, the United States withdrew its motion to stay. Notice of Withdrawal of Mot. to Stay (Dist. Ct. Dkt. 50). The United States then

sought another delay in the proceedings by filing an *ex parte* application for a two-week continuance of its deadline to file a response to the state of California's motion to dismiss (shortly before that response was due), and to postpone the motion to dismiss hearing date from December 8, 2025 to December 22, 2025. Ex Parte Appl. (Dist. Ct. Dkt. 57); *see also* Proposed Order (Dist. Ct. Dkt. 57-3).

After motions to dismiss were fully briefed, the parties stipulated to a schedule allowing additional time for all potential amici to weigh in before a ruling would be issued (without having to seek leave to file proposed amicus briefs). *See* Order Setting Schedule for Amicus Briefs (Dist. Ct. Dkt. 98). Four amicus briefs were filed. *See* Amicus Brief from the Democratic Nat'l Comm. (Dist. Ct. Dkt. 44); Amicus Brief from the Sixteen States (Dist. Ct. Dkt. 83); Amicus Brief from the Bipartisan Group of Former Sec'ys of State (Dist. Ct. Dkt. 84); Amicus Brief from Former Dep't of Just. Att'ys (Dkt. 121). On December 5, 2025, while the motions to dismiss were pending, the United States filed a motion to compel the very records at issue in this case. Amended Notice of Mot. for Order to Produce Records (Dist. Ct. Dkt. 94). The court granted the State's *ex parte* application to deny or delay briefing on the United States'

6

motion to compel. Order Granting Ex Parte Appl. (Dist. Ct. Dkt 114). Then, on January 15, 2026, the district court entered an Order dismissing the United States' Complaint without leave to amend. *United States v. Weber*, No. 2:25-CV-09149-DOC-ADS, 2026 WL 118807, at *20 (C.D. Cal. Jan. 15, 2026).

Almost two weeks later, on January 28, 2026, just one day before its deadline to file a motion for reconsideration, the United States filed an *ex parte* application for an order extending its time to file, requesting an extension of fourteen days. Ex Parte Appl. (Dist. Ct. Dkt. 129). The next day, the court denied this application for an extension. Order Denying Ex Parte Appl. (Dist. Ct. Dkt. 130). Another four weeks later (and almost six weeks after the order of dismissal), the United States filed for appeal on February 25, 2026. Notice of Appeal (Dist. Ct. Dkt. 131). On March 3, 2026, this Court set a briefing schedule with the opening brief due May 20, 2026, the answering brief due June 22, 2026, and an optional reply due within 21 days of service of the answering brief. Docketing Notice (9th Cir. Dkt. 2.1). The United States then filed this Motion to Expedite Appeal, seeking a briefing schedule with the opening brief due March 18, 2026, the answering brief due one week later, on

March 25, 2026, and the reply brief due another week later, on April 1, 2026 (9th Cir. Dkt. 12.1). The United States now claims, without support, that "[a]n expedited appeal is necessary to secure the elections in California, and permit California the time to clean its voter rolls prior to the election this fall." *Id.* at 9.

## ARGUMENT

## I.     The United States Has Not Shown Good Cause.

The United States has failed to show good cause that necessitates expediting the appeal. *See* 9th Cir. R. 27-12; *see also* 9th Cir. R. 34-3(5) (appeals are entitled to priority on a showing of "good cause under 28 U.S.C. § 1657"); 28 U.S.C. § 1657(a) (allowing for expedited review "if good cause therefor is shown" based on the "factual context"). To establish good cause, the United States must show that, absent expedited treatment, it will suffer irreparable harm or the case will become moot. 9th Cir. R. 27-12. The United States fails on both fronts. Without explaining how, the United States offers a conclusory assertion that its demand for California's unredacted voter rolls will be moot after the November 2026 elections. *See* Mot. to Expedite Appeal (9th Cir. Dkt. 12.1 at 9–10). And it makes no showing of irreparable harm, instead offering

vague references to election security, pointing to the need for *California* to maintain accurate voter rolls—a matter not now before this Court— and relying on inapposite cases that involve the administration of imminent elections and voters' ability to participate in them. *Id.* Ultimately, the United States' claim of irreparable harm is undermined by its delay in initiating this appeal, preceded by months of alternating between manufactured urgency and deliberate delay.

To support its claim of irreparable harm, the United States points to California's routine obligation to conduct voter list maintenance and to the National Voter Registration Act's prohibition on conducting list maintenance within 90 days of an election. *See id.* at 2, 14. But the question in this case is whether the DOJ can compel the production of unredacted voter data and resolving *that* question does not have any impact on California's routine and coexisting obligations to maintain accurate voter rolls, nor is it tied to any election. Thus, contrary to the United States' assertions, this appeal is not temporally related to ongoing pre-election events that would necessitate expedited proceedings. For these reasons, the cases the DOJ relies on are wholly inapplicable. *See Mi Familia Vota v. Hobbs*, 977 F.3d 948, 951 (9th Cir. 2020) (expediting

briefing in as-applied challenge to voter registration deadlines); *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 410–11 (6th Cir. 2014) (expediting appeal to determine whether candidates from a particular party would appear on ballot for upcoming election); *Northeast Ohio Coalition for Homeless v. Husted*, 696 F.3d 580, 596–97 (6th Cir. 2012) (expediting briefing to determine if statute restricted the right to vote); *see also TGP Commc'ns, LLC v. Sellers*, No. 22-16826, 2022 WL 17484331, at *1, *6 (9th Cir. Dec. 5, 2022) (expediting appeal where reporter alleged First Amendment harms from being excluded from ongoing press briefings).

While it appears the United States wants to use the data it collects to raise questions or create concern about California's voter roll maintenance program, those are not time-sensitive concerns. More importantly, unlike in election law cases requiring expedition, a free and fair election for California's voters in 2026 can proceed without accelerating the resolution of United States' appeal.[2] The impending

---

[2] The United States argues that before the 2026 elections "California voters need to know that federal elections in their state are secure and that noncitizens, deceased voters, and voters with multiple records are not registered to vote." (9th Cir. Dkt. 12.1 at 3). It is impossible to ensure that all Californians "know" this. It is also entirely speculative that the

2026 election therefore need not factor into this Court's consideration of the issues before it. Instead, the schedule this Court issued, (9th Cir. Dkt. 2.1), provides fair and adequate opportunities for all parties, including amici, to fully brief, argue, and decide the important legal questions presented.

The United States' motion is also fatally undermined by the fact that it delayed filing its appeal and repeatedly delayed proceedings throughout this litigation. *See* 9th Cir. R. 27-3(a) (movant "must make every practicable effort . . . to serve the [emergency] motion, at the earliest possible time"); *Washington v. Trump*, No. 2:25-CV-00244-LK, 2025 WL 3144950, at *4 (W.D. Wash. Nov. 10, 2025) (federal government defendants' "long delays in taking action here suggest that they . . . will

---

United States' acquisition of California's voter data will contribute to Californians' collective knowledge about the security and accuracy of federal elections. In fact, the data the United States seeks cannot prove or disprove the accuracy of California's state voter roll. The United States seeks a static voter list, whereas California's voter list is constantly evolving, and neither impact the outcome of elections – which are determined by actual voters, not potentially erroneously listed registrants. And record evidence suggests that California voters would not be assured by the relief sought by the United States, but would instead be chilled by the United States' access to their private voter information. *See* Decl. of Helen Hutchinson in Support of League of Women Voters of California's Motion to Intervene (Dist. Ct. Dkt. 24-1 at ¶ 22).

not suffer irreparable harm"); *Grundmann v. Trump*, 786 F. Supp. 3d 188, 193 (D.D.C. 2025) (same). The United States waited six weeks to initiate this appeal, taking advantage of its extended 60-day opportunity to file a notice of appeal under Rule 4(a)(1)(B) of the Federal Rules of Civil Procedure. Before filing its appeal, the United States requested a two-week extension to file a motion for reconsideration the day before the motion was due. *See* Ex Parte Appl. (Dist. Ct. Dkt. 129). The district court denied DOJ's request. Order Denying Ex Parte Appl. (Dist. Ct. Dkt. 130). These delays in filing an appeal followed a pattern the United States demonstrated in the district court: seeking continuances and stays, then filing emergency *ex parte* applications to effectively manufacture urgency. *See, e.g.,* Mot. to Stay (Dist. Ct. Dkt. 6 at 3); *see also* Ex Parte Appl. (Dist. Ct. Dkt. 57).

In short, the United States' dilatory conduct throughout this litigation undermines any claim of urgency or irreparable harm and discredits its motion to expedite. *See Grundmann*, 786 F. Supp. 3d at 193 (no irreparable harm where federal government waited nearly two months to file notice of appeal); *Lightfoot v. District of Columbia*, No. 01-cv-1484, 2006 WL 175222, at *8 (D.D.C. Jan. 24, 2006) (delay of almost

12

one month to file appeal following denial of motion for reconsideration indicated defendants did "not perceive the possible injury as 'irreparable'"); *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 4228754, at *3 (S.D.N.Y. July 22, 2020) (no irreparable harm where, among other things, movants waited a month to file motion for reconsideration).

## II. The Proposed Briefing Schedule Prejudices Appellees.

Appellant asks this Court to give Appellees much less time than the United States to formulate arguments on appeal: the United States will have had nearly nine weeks, and Appellees would only get one week. This would severely prejudice all Appellees, including Defendant-Intervenor-Appellee League of Women Voters of California. Counsel for League of Women Voters of California agrees with Defendant-Appellee California that answering briefs will take significant time to research and draft and that cut-and-paste arguments from the district court cannot suffice. *See* State's Opp. to Mot. to Expedite 18–20 (9th Cir. Dkt. 27.1). The legal issues to be decided are complex and varied, and it would be extraordinarily difficult, if not impossible, for counsel to marshal adequate resources to compose robust answering briefs in a week. The

compressed schedule the United States proposes is therefore not only unnecessary, but would deprive the League of Women Voters of California of a fair opportunity to present argument in this appeal of national importance. Doing so would be a profound injustice.

Moreover, in addition to moving to expedite this appeal, the United States has concurrently sought to consolidate this matter with another similar matter in Oregon where it has also appealed to the Ninth Circuit, *see* Appellant's Opposed Mot. to Consolidate Appeals (9th Cir. Dkt. 18.1)—a request which, if granted, would only further complicate the issues involved in this appeal, and would make the already unrealistic and unfair proposed expedited schedule of the United States even more unworkable for Appellees.

Appellant's proposed schedule will also deny amici the opportunity to fairly seek participation in this case, which will harm the public interest. There is substantial public interest in this case, which is evidenced by the filing of multiple amicus briefs at the district court level. *See* Amicus Brief from the Democratic Nat'l Comm. (Dist. Ct. Dkt. 44); Amicus Brief from the Sixteen States (Dist. Ct. Dkt. 83); Amicus Brief from the Bipartisan Group of Former Sec'ys of State (Dist. Ct. Dkt. 84);

Amicus Brief from Former Dep't of Just. Att'ys (Dist. Ct. Dkt. 121). While all parties stipulated to accept amicus briefs in the district court, *see* Order Setting Schedule for Amicus Briefs (Dist. Ct. Dkt. 98), Appellant now seeks to effectively cut them out. Amici participation will be possible only if the briefing schedule allows adequate time for amici to obtain counsel, conduct research, and draft arguments on issues of import. Appellant's proposed schedule denies this, depriving interested parties an opportunity to be heard, and denying this Court the ability to consider contributions from amici. This will not serve the interests of justice.

Adherence to this Court's Time Schedule Order, (9th Cir. Dkt. 2.1), and this Court's rules, *see, e.g.*, 9th Cir. R. 31-2.1.; Fed. R. Appellate Procedure 29, will avoid prejudice and will allow this appeal to proceed quickly, and fairly, for all parties.

## CONCLUSION

For all these reasons, the United States' Motion to Expedite Appeal should be denied.

Dated: March 12, 2026                  Respectfully submitted,

                                        /s/ Grayce Zelphin
                                       GRAYCE ZELPHIN (SBN 279112)
                                       gzelphin@aclunc.org

ANGELICA SALCEDA (SBN 296152)
asalceda@aclunc.org
ACLU FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

JULIA A. GOMEZ (SBN 316270)
jgomez@aclusocal.org
PETER ELIASBERG (SBN 89110)
peliasberg@aclusocal.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5232

THERESA J. LEE (NY 5022769)
tlee@aclu.org
SOPHIA LIN LAKIN (NY 5182076)
slakin@aclu.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

PATRICIA J. YAN (NY 5499173)
pyan@aclu.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

## CERTIFICATE OF COMPLIANCE

I certify this motion complies with the length limits set forth in Fed. R. App. P. 27(d)(2) and Ninth Circuit Rule 27-1(1)(d), because this motion contains 3157 words excluding the items exempted by Fed. R. App. P. 32(f). The motion's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: March 12, 2026        _/s/ Grayce Zelphin_____
                             Grayce Zelphin
                             *Counsel for Defendants-Intervenors-*
                             *Appellees League of Women Voters of*
                             *California*

17

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, I electronically filed the foregoing motion by using the appellate ACMS system.

I certify that the participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Dated:  March 12, 2026          *  /s/ Grayce Zelphin*

Grayce Zelphin
*Counsel for Defendants-Intervenors-Appellees League of Women Voters of California*