IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————

No. 26-1232

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

SHIRLEY WEBER, *et al.*,

Defendants-Appellees

NAACP; NAACP CALIFORNIA-HAWAII STATE CONFERENCE;
SERVICES, IMMIGRATION RIGHTS AND EDUCATION NETWORK;
LEAGUE OF WOMEN VOTERS OF CALIFORNIA,

Defendants-Intervenors-Appellees

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

———————————

UNITED STATES' REPLY TO DEFENDANTS-APPELLEES' AND
INTERVENORS-APPELLEES' RESPONSES IN OPPOSITION TO
UNITED STATES' EMERGENCY MOTION TO EXPEDITE

———————————

## INTRODUCTION

Appellees California Secretary of State Shirley Weber and the State

of California (California), the League of Women Voters of California

- 1 -

(LVWC), and the NAACP, *et al.* (NAACP) oppose the United States'
Motion to Expedite on several grounds, but none of these arguments
warrants this Court denying the United States' Motion. This appeal is
similar to other appeals related to elections procedures where this Court
has granted an expedited schedule. The United States did not undertake
dilatory litigation tactics in the district court and has pressed for records
from California since prior to the initiation of this lawsuit. California will
not be harmed by an expedited appeal. The NAACP further argues that
the United States cannot obtain favorable relief prior to the 2026 election
and that the United States misinterprets the election laws it enforces.
Both are untrue.

## ARGUMENT

I.     **The requested statewide voter registration list (SVRL) is necessary for core election administration procedures.**

California incorrectly states that "this appeal is only about DOJ's
demand for information from California—not any of California's elections
procedures." Cal. Resp. in Opp., C.A. Doc. 27 (Cal. Opp.), at 13.[1] Other

---

[1] "C.A. Doc. ___, at ___" refers to the docket entry and page number
at the bottom of documents filed in this Court. "Doc. __, at __" refers to
the docket entry and page number at the bottom of documents filed in
the district court, No. 2:25cv9149 (C.D. Cal.).

Appellees make similar arguments as to why this appeal is not like other election-related appeals where this Court has granted an expedited schedule. *See* LVWC Resp. in Opp., C.A. Doc. 33 (LVWC Opp.), at 9-11; NAACP Resp. in Opp., C.A. Doc. 32 (NAACP Opp.), at 11-12. This mischaracterizes the fundamental purpose of a SVRL because a SVRL is inherently linked to almost all "elections procedures."

The Help America Vote Act (HAVA) requires States to maintain accurate and current voter registration lists. *See* 52 U.S.C. 21083. The National Voter Registration Act (NVRA) and HAVA contain provisions designed to help the federal government ensure that States are overseeing federal elections in a fair and honest manner and "to protect the integrity of the electoral process." 52 U.S.C. 20501(b)(3). Those statutes' requirements include recordkeeping obligations, 52 U.S.C. 20507(i)(1), and the duty to make reasonable efforts to maintain lists of eligible voters that do not include the names of ineligible voters, 52 U.S.C. 20507(a)(4)(A)-(B), 21083(a)(1)(A). The SVRL is a multifunction tool for elections to proceed and must be complete and accurate to allow for poll workers to complete their many pre-election day and election day tasks including to "authenticate, prepare, and mail absentee ballots;

examine, verify, and count completed absentee ballots as electors return them; . . . [and] compile a list of eligible electors who have not voted early." *Mays v. LaRose*, 951 F.3d 775, 787 (6th Cir 2020).

## II. The United States is likely to prevail in this action.

California's argument that the appeal should not be expedited because the United States is unlikely to prevail in this appeal (Cal. Opp. 18) is incorrect. This appeal involves only the discrete legal issues of whether the district court erred in dismissing the United States' Title III claim on the ground that its demand for an electronic, unredacted copy of California's SVRL lacked a sufficient basis and purpose and the assertion of federal privacy law regarding the submission of the SVRL. *See* 52 U.S.C. 20703. The United States' opening brief will demonstrate that Title III's plain language and relevant precedent compel the conclusion that the United States' assertion that its demand was "to assist in our determination of whether California's list maintenance program complies with the NVRA" stated a sufficient basis and purpose. In fact, another district court recently—and correctly—reached this conclusion in addressing the United States' similar demand for an electronic, unredacted copy of Michigan's SVRL. *See United States v.*

*Benson*, No. 1:25-cv-1148, 2026 WL 362789, at *8 (W.D. Mich. Feb. 10, 2026), *appeal pending*, No. 26-1225 (6th Cir. docketed Feb. 27, 2026).

Moreover, it is premature for this court, or any district court, to dismiss a complaint by the federal government based on federal privacy law, on a request for state data that is not in the possession of the federal government, and as such has yet to be shared with another agency, to which those laws and civil remedies apply. *See* 5 U.S.C. 552a(g)(1) (listing potential civil remedies). The Privacy Act prohibitions and allowances on disclosure of personal information, 5 U.S.C. 552a(b), simply cannot apply to records that are not even in the possession of the federal government.

In short, the Government is likely to prevail on the merits of its appeal, which provides additional good cause to expedite briefing.

## III. California will suffer no harm if this appeal is expedited.

Expediting this appeal would not harm California. As noted above, the appeal centers on a narrow issue of statutory interpretation following an Order granting California's Motion to Dismiss and does not require evaluating an in-depth factual record. Moreover, as the United States pointed out in its Motion to Expedite (at 15), a prompt resolution of this appeal will enable California to conduct its upcoming election without the

specter of ineligible voters remaining on its voter rolls. An expedited appeal therefore serves the interest of both sides.

## IV. The United States has consistently acted with urgency in this matter.

Appellees paint the United States' litigation tactics in this case as "dilatory" and thus unworthy of an expedited schedule now because the United States did not "move to expedite the proceedings." NAACP Opp. 8; *accord* LWVC Opp. 11-13; Cal. Opp. 11-12. But the United States has pursued its requested relief under Title III of the Civil Rights Act, 52 U.S.C. 20701 *et seq.*, which provides an inherently expedited process.

Title III provides "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962). The Attorney General may come to court and seek an order to produce the requested records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Ibid.* The special proceeding is "summary" in "nature" and neither "plenary [n]or adversary." *In re Gordon*, 218 F. Supp. 826, 826-827 (S.D. Miss. 1963); *see Kennedy v. Bruce*, 298 F.2d 860, 863 (5th Cir. 1962) (noting that this

procedure "does not amount to the filing of a suit of any kind"). Once the Attorney General provides a "simple statement" that demand has been made and refused, "[t]he Court, *with expedition*, should grant the relief sought or, if the respondent-custodian opposes the grant of such relief, the matter should be set down *without delay* for suitable hearing on the matters open for determination." *Lynd*, 306 F.2d at 226 (emphasis added).

Appellees further fault (NAACP Opp. 8; Cal. Opp. 11; LVWC Opp. 12) the United States for moving to stay the case during the government shutdown without acknowledging that—as the United States informed the district court in its stay motion— attorneys for the Department of Justice were "*prohibited* from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" Doc. 6, at 3 ¶ 2 (emphasis added) (quoting 31 U.S.C. 1342).

## V. The NAACP incorrectly asserts that the United States cannot secure favorable relief prior to the 2026 election.

The NAACP contends (NAACP Opp. 14) that it is futile for the United States to seek expedited briefing on appeal because a favorable

ruling "will result i[n a] remand to the district court for further proceedings, including discovery, motions for summary judgment, and, if necessary, trial." That is incorrect.

As the United States has argued from the beginning of this case, proceedings under Title III are "summary" in "nature" and neither "plenary [n]or adversary." *In re Gordon*, 218 F. Supp. 826, 826-827 (S.D. Miss. 1963); *see Kennedy v. Bruce*, 298 F.2d 860, 863 (5th Cir. 1962) (noting that this procedure "does not amount to the filing of a suit of any kind"). The Court does not entertain "any other procedural device or maneuver—either before or during any hearing of the application—to ascertain the factual support for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose therefor' as set forth in the written demand." *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962) (quoting former 42 U.S.C. 1974b). Rather, "[t]he Court, with expedition, should grant the relief sought or, if the respondent-custodian opposes the grant of such relief, the matter should be set down without delay for suitable hearing on the matters open for determination." *Ibid.*

In short, a favorable ruling from this Court would result in the summary proceedings that the United States has sought below.

## VI.  The NAACP misunderstands the laws at issue.

The NAACP asserts that a voter list that includes ineligible voters is not contrary to the law, and that the United States has misinterpreted the laws that it enforces. NAACP Opp. 12-13. While the NVRA requires California to make "reasonable effort[s]" to remove ineligible voters from its rolls, 52 U.S.C. 20507(a)(4)—something that California is refusing the United States' assistance to do in this lawsuit—multiple other laws require California to take affirmative steps to clean its voter rolls. One purpose of the NVRA is to "protect the integrity of the electoral process" and "ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. 20501(b)(3)-(4). Consistent with these purposes, the NVRA requires each State to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of . . . the death of a registrant; or . . . a change in residence of the registrant." 52 U.S.C. 20507(a)(4)(A)-(B).

Similarly, HAVA requires the appropriate state or local election official to perform list maintenance with respect to the centralized, computerized SVRL required under HAVA "on a regular basis." 52 U.S.C. 21083(a)(1)-(2). HAVA also requires that States have "[a] system of file

maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters." 52 U.S.C. 21083(a)(4)(A)-(B). HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records." 52 U.S.C. 21083(a)(4). HAVA Section 303 provides that a State's "election system shall include provisions to ensure that voter registration records in the State are accurate and are updated regularly[.]" *Ibid.* HAVA also vests the Attorney General of the United States with sole authority to "bring a civil action against any State or jurisdiction in an appropriate United States District Court for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under sections 21081,21082, 21083, and 21083a of [HAVA]." 52 U.S.C. 21111.

## VII. The proposed alternative briefing schedule is inequitable to the United States.

In the alternative, California proposes that the Court set the following expedited briefing schedule: the United States' opening brief is due Wednesday, March 18, 2026; California's, the LVWC's, and the NAACP's answering briefs are due Monday, May 18, 2026; and the

United States' optional reply brief is due Monday, June 8, 2026. Cal. Opp. 21. This proposed schedule provides the parties substantially different lengths of time to draft their briefs.

Briefing deadlines (and the parties' relative length of time to write their briefs) are set in reference to the creation and development of the court of appeals docket—not, as California would have it, the date of the district court decision. Fed. R. App. P. 31(a)(1); *see* Fed. R. App. P. 10. It is true in every case that the appellant could conceivably begin writing its appellate brief from the date of an adverse decision (*see* Cal. Opp. 21; LVWC Opp. 13), but that is not how appellate procedure works.

When that erroneous premise is stripped away, it is clear that "California's schedule is [not] fair to both sides" as it gives the United States a matter of days to file its opening brief and then Appellees two months to file a response. Cal. Opp. 21.

If the Court is inclined to issue a modified expedited schedule, then the United States proposes the following modified briefing schedule: the United States' opening brief is due Wednesday, March 25, 2026; California's, the LVWC's, and the NAACP's answering briefs are due Wednesday, April 15, 2026; and the United States' optional reply brief is

due Wednesday, April 22, 2026. Amicus briefs are due seven days after the principal brief of the party being supported is filed.

This schedule provides an equitable amount of time for all parties. It is similar to the briefing schedule the Sixth Circuit recently issued in *United States v. Benson*, No. 26-1225, an appeal addressing a similar demand of the United States for a State's SVRL. *See* Att. 1 (Sixth Circuit Order setting expedited briefing schedule).[2]

---

[2] The fact that the Sixth Circuit saw an expedited schedule as appropriate under similar circumstances belies the NAACP's claim that expedited briefing is incompatible with "a full airing and thoughtful consideration" of the issues presented. NAACP Opp. 9; *see also* LVWC Opp. 13.

## CONCLUSION

The court should grant the United States' Motion to Expedite briefing in this matter.

Respectfully submitted,

HARMEET K. DHILLON
  Assistant Attorney General

JESUS A. OSETE
  Principal Deputy Assistant
  Attorney General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
DAVID N. GOLDMAN
CHRISTOPHER C. WANG
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 532-3803

Date: March 16, 2026

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(C) because the reply contains 2233 words, excluding the parts exempted by Federal Rules of Appellate Procedure 27(d)(2) and 32(f). This reply also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Andrew G. Braniff
ANDREW G. BRANIFF
Attorney

Date: March 16, 2026

# ATTACHMENT 1

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed:  March 11, 2026

Ms. Kelsey E. McGee
U.S. Department of Justice
Civil Rights Division, Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, DC 20044-4403

  Re:  Case No. 26-1225
   *USA v. Jocelyn Benson, et al*
   Originating Case No. 1:25-cv-01148

Dear Counsel,

  The expedited briefing schedule is listed below.  <u>Motions for extension of time will not be granted absent the most compelling circumstances.</u>

  Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages.  When citing a sealed document to which counsel has been denied access to the paginated version in the lower court, please refer to the docket entry number and the page number of the document, e.g., Sealed RE 25, page 3.  Consult 6 Cir. R. 28(a)(1).

| | |
|---|---|
| Appellant's Principal Brief<br>Appendix (if required by 6 Cir.<br> R. 30(a)) | Filed electronically by **March 23, 2026** |
| Appellee's Principal Brief<br>Appendix (if required by 6 Cir.<br> R. 30(a) and (c)) | Filed electronically by **April 13, 2026** |
| Appellant's Reply Brief<br>(Optional Brief) | Filed electronically **7** days after<br>the appellee's brief. |

For most appeals, the Court will access directly the electronic record in the district court.  However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard.  *See* 6 Cir. R. 34(a).  If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

In scheduling appeals for oral argument, the court will make efforts to avoid dates that counsel have previously brought to its attention as presenting a conflict during weeks when the court is scheduled to sit.  The court's sitting schedule may be found at http://www.ca6.uscourts.gov/oral-argument-calendars.  Because cases are set for calendar early in the case, counsel should provide as soon as possible any dates of unavailability during the next nine months, preferably no later than the filing of the appellee's brief.  Counsel should use the "Counsel Unavailability Form" located on the court's website.  If subsequent conflicts arise, counsel should notify the court as soon as possible.

Sincerely yours,

s/Kelly Stephens

Appeal Case Manager: Roy
Direct Dial No. 513-564-7016

cc: Mr. Joshua Charles Abbuhl
    Ms. Aria Branch
    Mr. Andrew Braniff
    Mr. David N. Goldman
    Mr. Erik A. Grill
    Mr. Branden D. Lewiston
    Ms. Heather S. Meingast
    Mr. Eric Neff
    Ms. Renata O'Donnell
    Ms. Sarah S. Prescott
    Mr. Derek Anthony Zeigler

Enclosure

# CHECKLIST FOR BRIEFS

▪ Briefs and filing requirements are found in the Federal Rules of Appellate Procedure (FRAP) and the Sixth Circuit Local Rules (6 Cir. R.), located on the court's website. File the correct brief *type* (e.g. appellant, appellee, petitioner, respondent, 1st, 2d) *only* in the appropriate case. *During filing of the brief, deselect any inapplicable case* in CM/ECF by unchecking the inapplicable case numbers. In cross-appeals, file all briefs in all cases, unless you are a party to only one cross-appeal.

▪ Appellants filing one notice of appeal must file a single brief unless permission is granted for separate briefs. See FRAP 3(b)(1).  Appellants file one reply brief regardless of the number of appellee briefs.

▪ Redact personal information. FRAP 25(a)(5) and rules cited therein provide guidance.

▪ File briefs in PDF, preferably searchable native PDF. 6 Cir. R. 25(a)(2); PACER website.

# BRIEF COMPONENTS

▪ Brief components must appear in the brief in the order indicated below. FRAP 28(a).

▪ I.  COVER. Colored covers are not required for electronically filed briefs. Do include:

  • Sixth Circuit Case Number(s).
  • Name of the Court: "United States Court of Appeals for the Sixth Circuit."
  • Title of the Case: *Smith v. Jones*.
  • Nature of proceeding and court or agency below.
  • Title identifying the party: e.g., "Brief of Appellee Lawrence Litigant"
  • Name, address, and telephone number of counsel. FRAP 32(a)(2)

▪ II.  CORPORATE DISCLOSURE. Consult FRAP 26.1 and 6 Cir. R. 26.1 for applicability.

▪ III.  TABLE OF CONTENTS. Page references are required. FRAP 28(a)(2) and (b).

▪ IV.  TABLE OF AUTHORITIES. FRAP 28(a)(3) and (b).

  • Alphabetize case citations; include statutes and other authorities.
  • Include references to the page in the brief where specific authority is cited.

- V.  STATEMENT IN SUPPORT OF ORAL ARGUMENT. FRAP 34; 6 Cir. R. 34.

  - A party desiring oral argument must include a statement explaining why the court should hear argument. 6 Cir. R. 34(a). **CAUTION**: When filing the brief in CM/ECF, do not choose "argument requested" unless the brief contains an unambiguous statement giving reasons in support of argument. If the court decides to hear argument, no eligible party will be excluded based on a failure to request argument. Also see 6 Cir. R. 28(b)(1)(B).

---

*Items in this box are included in the applicable page and/or word counts. FRAP 32(f).*

- VI.  STATEMENT OF JURISDICTION - *See* FRAP 28(a)(4); four areas must be addressed. Appellee need not include this statement *if in agreement with appellant*. FRAP 28(b).

- VII.  STATEMENT OF ISSUES - *See* FRAP 28(a)(5). Appellee need not include this statement *if in agreement with appellant*. FRAP 28(b).

- VIII.  STATEMENT OF THE CASE - *See* FRAP 28(a)(6); (b)

  - Concise statement of the case setting out the facts relevant to the issues presented with description of procedural history, and identification of rulings presented for review and references to the record. A separate statement of facts is not required. FRAP 28(a)(6).
  - Appellee need not include this statement *if in agreement with appellant*.

- IX.  SUMMARY OF THE ARGUMENT - Succinct, clear, and accurate statement of the argument(s) that does not merely repeat the argument headings. FRAP 28(a)(7).

- X.  ARGUMENT

  - Include the "contentions and reasons for them." FRAP 28(a)(8)(A).
  - Citations to the relevant authorities and record parts. FRAP 28(a)(8)(A).
  - **Include the standard of review for each issue**. FRAP 28(a)(8)(B); (b). Appellee need not include this statement *if in agreement with appellant*.

- XI.  CONCLUSION

  - State the precise relief sought. FRAP 28(a)(9).
  - Filing attorney(s) signature(s) required: s/(Attorney's Name). 6 Cir. R. 25(d)(1).

---

- XII.  CERTIFICATE OF COMPLIANCE: As required under FRAP 32(g) (effective December 1, 2016).

- XIII.  CERTIFICATE OF SERVICE: Is required if one or more parties will not be served electronically. Must state the date and method of service, the name of the person(s) served, and the address(es) at which non-electronic service was made. *See* FRAP 25(d).

- XIV.  ADDENDUM

  - Designation of relevant originating court documents with Page ID # range, if applicable. 6 Cir. R. 28(b)(1)(A)(i). (See "Citations to the Record" below.)
  - Consult 6 Cir. R. 30(g) for types of documents that must be designated.
  - May include relevant statutes, rules, regulations.
  - Must include copies of decisions "not available in a publicly accessible electronic database." FRAP 32.1(b); 6 Cir. R. 32.1(a).

## CITATIONS TO THE RECORD

- Appeals from the district courts. 6 Cir. R. 28(a)(1). Each citation must include:

  - Short description of record item: Motion for Summary Judgment; Order; Transcript.
  - Docket entry number: RE 25, R. 13. *"RE," "R." preferred; avoid "D", "DE", or "Doc."*
  - Page ID # range for the relevant portion of the document: Page ID # 220-227. The Page ID # is in blue on the header or footer of the PDF document when it is opened from the district court's docket. When citing to a sealed document to which counsel has been denied access and therefore cannot see Page ID #, explain in a footnote and refer to the docket entry number and page number. E.g., sealed entry 23, page 3.

---

EXAMPLES OF ACCEPTABLE CITATIONS

  o  Motion for Summary Judgment, RE 23, Page ID # 120-145
  o  Transcript, R. 52, Page ID ## 675-682
  o  Agency Record, RE 12, Page ID # 190-191 (this applies when an administrative record is filed in district court, e.g., Social Security or ERISA cases).

---

- Other appeals. 6 Cir. R. 28(a)(2). In petitions for review of agency decisions, cite to the page number of the administrative record or the appendix. Page ID #'s do not apply.

- Placing citations and references within the brief text is preferred over footnote references.

### BRIEF LENGTH, FORMATTING, and TYPEFACE

- Typefaces: *see* FRAP 32(a)(4), (5), and (6). Briefs must be double-spaced.

  - Either a proportionally spaced font at 14 pt. (such as Times New Roman), or
  - Monospaced font not exceeding 10 1/2 characters per inch (such as Courier New at 12 point).
  - The court asks footnotes be in the same font size as text.

- Length of briefs: *see* FRAP 32(a)(7).

  - Principal: 30 pages OR up to 13,000 words OR 1,300 lines of monospaced typeface.
  - Reply: 15 pages OR up to 6,500 words OR 650 lines of a monospaced typeface.
  - Include a certificate of compliance if over 30 pages. FRAP 32(g).
  - Headings, footnotes, quotations count in word and line limitations. *See* 6th Cir. R. 32(b) for items excluded from the length limits.

- Briefs for cross-appeals: *see* FRAP 28.1; Amicus briefs: *see* FRAP 29, 32.