# ADDENDUM

## TABLE OF CONTENTS

**PAGE**

Complaint, *United States v. Alabama*,
No. 2:08-cv-920 (M.D. Ala.), filed November 19, 2008
(Doc. 1) ...................................................................................... 1

Order, *United States v. Alabama*,
No. 2:08-cv-920 (M.D. Ala.), filed March 27, 2009
(Doc. 24) .................................................................................... 5

RECEIVED

IN THE UNITED STATES DISTRICT COURT  NOV 19  P 1: 5⁻
FOR THE MIDDLE DISTRICT OF ALABAMA

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _2:08 CV 920 - WKW_ |
| | ) |
| THE STATE OF ALABAMA; BETH | ) |
| CHAPMAN, SECRETARY OF STATE OF | ) |
| ALABAMA, in her official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

The United States of America alleges:

1.      This action is brought by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") 42 U.S.C. § 1973ff-1(c) (2003).

2.      42 U.S.C. § 1973ff-1(c) mandates that States (and local governments through their respective States) report to the Election Assistance Commission the "[n]ot later than 90 days after the date of each regularly scheduled general election for Federal office" the "combined number of absentee ballots that are transmitted to absent uniformed services voters and overseas voters for the election and the combined number of such ballots which were returned by such voters and cast." The States "shall make such a report available to the general public." Id.

3.      The Attorney General of the United States is given authority to ensure that states comply with 42 U.S.C. § 1973ff-1(c) and report the number of UOCAVA ballots transmitted,

SCAN

POR 11.19.08

## Add. 1

returned, and cast.  Under 42 U.S.C. § 1973ff-4, "[t]he Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as may be necessary to carry out this subchapter [UOCAVA]."

4.     This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201(a).

5.     The Defendant State of Alabama (the "State") is responsible for complying with UOCAVA, and ensuring required information is transmitted to the Election Assistance Commission within 90 days of a Federal Election.

6.     Defendant Beth Chapman is sued in her official capacity as the Secretary of State of the State of Alabama.   As the Secretary of State, she is the chief election officer for Alabama. See  Ala. Code 1975 § 17-1-3.  The principal office of the Secretary of State elections division is in Montgomery, Alabama.

7.     Alabama failed to comply with § 1973ff-1(c) in 2006 and did not report any data as required.

8.     Alabama has not provided any information demonstrating that there are any new efforts to obtain compliance with § 1973ff-1(c) in 2008.

9.     The failure of election officials in Alabama to comply with § 1973ff-1(c) results in an absence of information as to whether or not UOCAVA's guarantees that overseas citizens and those serving in the armed forces are effectively exercising the franchise.

10.     An order of this Court is necessary requiring Defendants to take corrective action for the November 4, 2008, election in order to protect the rights granted by UOCAVA.

WHEREFORE, Plaintiff prays that this Court hear this action pursuant to  42 U.S.C. §

2

**Add. 2**

1973ff-1(c); issue a declaratory judgment under 28 U.S.C. § 2201 that Alabama officials failed to track and report data about the number of UOCAVA ballots requested, transmitted and cast; and issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

    (1)    to require all election officials to implement procedures to record data about the number of UOCAVA ballots requested, transmitted and cast by UOCAVA voters; and,

    (2)    to report data required by § 1973ff-1(c) to the Election Assistance Commission to the Election Assistance Commission and general public within 90 days after the November 4, 2008 election and in future federal general elections.

The United States of America further prays that this Court order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

3

**Add. 3**

MICHAEL B. MUKASEY
Attorney General


LEURA G. CANARY                          GRACE CHUNG BECKER
United States Attorney                   Acting Assistant Attorney General


By:
R. RANDOLPH NEELY                        CHRISTOPHER COATES
Assistant United States Attorney         Chief, Voting Section
Middle District of Alabama
One Court Square                         REBECCA J. WERTZ
Suite 201                                Principal Deputy Chief
Montgomery, Alabama 36104                TIMOTHY F. MELLETT
(334) 223-7280                           Deputy Chief
                                         J. CHRISTIAN ADAMS
                                         CHRISTY A. McCORMICK
                                         Trial Attorneys
                                         United States Department of Justice
                                         Civil Rights Division, Voting Section
                                         950 Pennsylvania Ave., NW
                                         Room NWB-7254
                                         Washington, D.C.  20530
                                         Phone: (202) 305-0609
                                         Fax:     (202) 307-3961
                                         christy.mccormick@usdoj.gov


4


**Add. 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-920-WKW |
| | ) | |
| THE STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

On November 19, 2008, Plaintiff United States of America ("United States") filed suit against Defendant the State of Alabama and the Secretary of State, Beth Chapman, in her official capacity (collectively the "State"), pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. § 1973ff to -6. The Attorney General has the authority under UOCAVA to bring a civil action for "such declaratory or injunctive relief as may be necessary to carry out" UOCAVA's requirements. § 1973ff-4. At issue in this case is the State's compliance with § 1973ff-1(c), which requires the State to report to the Election Assistance Commission, not later than ninety days after a regularly scheduled general election for Federal office, certain data regarding ballots from absent uniformed services voters and overseas voters.

A status conference was held on March 26, 2009. That same day, the parties filed a Joint Motion for Entry of Order Pursuant to 42 U.S.C. § 1974c. (Doc. # 23.) In their motion, the parties articulate their disagreement over the requirements of § 1973ff-1(c) (Doc. # 23 ¶¶ 2-5), but represent, as they did in the status conference, that they believe the information

**Add. 5**

the United States seeks can be obtained (Doc. # 23 ¶ 6). The United States is seeking data capturing the number of UOCAVA ballots counted in twenty-one counties. (Doc. # 23 ¶ 4.) The parties believe that number can be ascertained by subtracting the number of separately marked returned UOCAVA ballot affidavit envelopes not opened and counted from the number of UOCAVA ballots the counties have already reported were returned. (Doc. # 23 ¶ 7.)

The parties agree that the UOCAVA absentee ballot affidavit envelopes are within the scope of 42 U.S.C. § 1974. (Doc. # 23 ¶ 9.) Section 1974b requires that any record or paper retained under § 1974 be made available for inspection, reproduction and copying by the Attorney General or his representative, upon demand in writing by the Attorney General or his representative to the person with custody, possession, or control of such items. The United States represents that under this provision, it intends to make a written demand to the sheriffs of the twenty-one counties listed in the motion for the relevant election materials. (Doc. # 23 ¶¶ 4, 10.)

Because the State will accompany the United States to review and inspect the election materials, the parties have requested a court order authorizing the United States to disclose the relevant records or papers to the State and the public. (Doc. # 23 ¶¶ 11-13.) The order is needed because § 1974c requires an order from a federal court to allow the Attorney General or any employee of the Department of Justice, or any representative of the Attorney General, to "disclose any record or paper produced pursuant to this subchapter," with a few non-applicable exceptions. (Doc. # 23 ¶ 12.)

2

**Add. 6**

The United States additionally states that, "under its interpretation of the statute, implementation of these steps constitutes full compliance with the UOCAVA reporting requirements for the 2008 federal general election," but that the motion "does not address future compliance." (Doc. # 23 ¶ 14.)

The parties agree that a ninety-day stay of this proceeding should be entered while they pursue these steps. (Doc. # 23 ¶ 15.)

Accordingly, it is ORDERED that:

(1)    Pursuant to 42 U.S.C. ¶ 1974c, the United States is AUTHORIZED to "disclose any record or paper" to the State and the public. This Order is limited, however, to those 2008 federal general election records and papers produced to the United States pursuant to written demand letters from the Attorney General, 42 U.S.C. § 1974b, issued to the sheriffs of the following Alabama counties: Baldwin, Blount, Calhoun, Cherokee, Covington, Dale, Escambia, Hale, Henry, Houston, Jackson, Jefferson (Bessemer division), Lee, Lowndes, Marengo, Mobile, Randolph, Shelby, Sumter, Tallapoosa, and Washington; and

(2)    this case is STAYED for ninety days. Upon the expiration of ninety days, the parties shall file a joint status report.

DONE this 27th day of March, 2009.

    /s/   W.  Keith Watkins    
UNITED STATES DISTRICT JUDGE

**Add. 7**