IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————————

No. 26-1232

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHIRLEY WEBER, *et al.*,

Defendants-Appellees

NAACP, NAACP CALIFORNIA-HAWAII STATE CONFERENCE, *et al.*,

Defendants-Intervenors-Appellees

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

———————————————

UNITED STATES' MOTION TO TAKE JUDICIAL NOTICE
OF COMPLAINT FILED IN SEPARATE CASE

———————————————

Appellant United States respectfully moves this Court to take judicial notice that the document attached to this motion, a Complaint the United States filed in a separate case, is a true and accurate document relevant to the instant appeal. In support of this request, the United States submits the following:

- 2 -

1.      Appellant United States filed its Reply Brief in this case on April 24, 2026. In its argument section, the Brief cited a Complaint the United States filed, and an Order the district court issued, in *United States v. Alabama*, No. 2:08-cv-920 (M.D. Ala.). The United States included both documents in an Addendum at the end of its Reply Brief.

2.      On April 27, 2026, this Court informed the United States that the Court could not process the filing of the Reply Brief because the Complaint was not a federal judicial disposition and thus was not permitted to be attached to the Brief under Ninth Circuit Rule 28-2.7 or Federal Rule of Appellate Procedure 32.1. The Court instructed the United States to remove the Complaint from the Brief and file the Complaint separately with either a Motion to Take Judicial Notice or a Motion to Supplement the Record on Appeal.

3.      The Complaint is a true and accurate document that is relevant to, and necessary for, the appeal in this case.

4.      Counsel for defendants take no position on this Motion.

- 3 -

WHEREFORE, the United States respectfully requests that the Court grant its Motion to Take Judicial Notice of the Complaint it filed in *United States v. Alabama*, No. 2:08-cv-920 (M.D. Ala.).

Respectfully submitted,

HARMEET K. DHILLON
 Assistant Attorney General

JESUS A. OSETE
 Principal Deputy Assistant
 Attorney General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
DAVID N. GOLDMAN
CHRISTOPHER C. WANG
 Attorneys
 Department of Justice
 Civil Rights Division
 Appellate Section
 P.O. Box 14403
 Ben Franklin Station
 Washington, D.C.  20044-4403
 (202) 532-3803

Date: April 28, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 261 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Andrew G. Braniff
ANDREW G. BRANIFF
 Attorney

Date: April 28, 2026

# ATTACHMENT

RECEIVED

IN THE UNITED STATES DISTRICT COURT NOV 19 P 1: 5⁷
FOR THE MIDDLE DISTRICT OF ALABAMA

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES OF AMERICA,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Civil Action No. 2:08 CV 920 - WKW
　　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
THE STATE OF ALABAMA; BETH　　.　　　　)
CHAPMAN, SECRETARY OF STATE OF　　　　)
ALABAMA, in her official capacity,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

## COMPLAINT

The United States of America alleges:

1.　　This action is brought by the Attorney General on behalf of the United States

pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA")  42 U.S.C.

§ 1973ff-1(c) (2003).

2.　　42 U.S.C. § 1973ff-1(c) mandates that States (and local governments through their

respective States) report to the Election Assistance Commission the "[n]ot later than 90 days

after the date of each regularly scheduled general election for Federal office" the "combined

number of  absentee ballots that are transmitted to absent uniformed services voters and overseas

voters for the election and the combined number of such ballots which were returned by such

voters and cast."  The States "shall make such a report available to the general public." Id.

3.　　The Attorney General of the United States is given authority to ensure that states

comply with 42 U.S.C. § 1973ff-1(c) and report the number of UOCAVA ballots transmitted,

SCAN
POK 11.19.08

# MJN 1

returned, and cast.  Under 42 U.S.C. § 1973ff-4, "[t]he Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as may be necessary to carry out this subchapter [UOCAVA]."

4.     This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201(a).

5.     The Defendant State of Alabama (the "State") is responsible for complying with UOCAVA, and ensuring required information is transmitted to the Election Assistance Commission within 90 days of a Federal Election.

6.     Defendant Beth Chapman is sued in her official capacity as the Secretary of State of the State of Alabama.   As the Secretary of State, she is the chief election officer for Alabama. See Ala. Code 1975 § 17-1-3.  The principal office of the Secretary of State elections division is in Montgomery, Alabama.

7.     Alabama failed to comply with § 1973ff-1(c) in 2006 and did not report any data as required.

8.     Alabama has not provided any information demonstrating that there are any new efforts to obtain compliance with § 1973ff-1(c) in 2008.

9.     The failure of election officials in Alabama to comply with § 1973ff-1(c) results in an absence of information as to whether or not UOCAVA's guarantees that overseas citizens and those serving in the armed forces are effectively exercising the franchise.

10.     An order of this Court is necessary requiring Defendants to take corrective action for the November 4, 2008, election in order to protect the rights granted by UOCAVA.

WHEREFORE, Plaintiff prays that this Court hear this action pursuant to  42 U.S.C. §

2

**MJN 2**

1973ff-1(c); issue a declaratory judgment under 28 U.S.C. § 2201 that Alabama officials failed to track and report data about the number of UOCAVA ballots requested, transmitted and cast; and issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

(1)     to require all election officials to implement procedures to record data about the number of UOCAVA ballots requested, transmitted and cast by UOCAVA voters; and,

(2)     to report data required by § 1973ff-1(c) to the Election Assistance Commission to the Election Assistance Commission and general public within 90 days after the November 4, 2008 election and in future federal general elections.

The United States of America further prays that this Court order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

3

**MJN 3**

MICHAEL B. MUKASEY
Attorney General


LEURA G. CANARY
United States Attorney

GRACE CHUNG BECKER
Acting Assistant Attorney General


By:
R. RANDOLPH NEELY
Assistant United States Attorney
Middle District of Alabama
One Court Square
Suite 201
Montgomery, Alabama 36104
(334) 223-7280

CHRISTOPHER COATES
Chief, Voting Section

REBECCA J. WERTZ
Principal Deputy Chief
TIMOTHY F. MELLETT
Deputy Chief
J. CHRISTIAN ADAMS
CHRISTY A. McCORMICK
Trial Attorneys
United States Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Ave., NW
Room NWB-7254
Washington, D.C.  20530
Phone: (202) 305-0609
Fax:    (202) 307-3961
christy.mccormick@usdoj.gov


4


**MJN 4**