

**U.S. Department of Justice**

Civil Rights Division

---

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC  20044-4403*

May 1, 2026

**<u>VIA CM/ECF</u>**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

> Re: *United States v. Weber*, No. 26-1232 (9th Cir.) (oral argument scheduled for
> May 19, 2026)—Appellant United States' Response to California's Rule 28(j) Letter

Dear Ms. Dwyer:

The United States submits this letter in response to California's Citation of Supplemental Authority (Dkt. 101). In *Public Interest Legal Foundation, Inc. v. Nago*, No. 24-6629, 2026 WL 1144703, at *11 (9th Cir. Apr. 28, 2026), this Court ruled that Hawaii's statewide voter registration list (SVRL) is not itself a "record[] concerning the implementation of programs and activities conducted for the purpose of" keeping a voter-registration list up to date. 52 U.S.C. 20507(i)(1). That interpretation was based on dictionary definitions of specific National Voter Registration Act (NVRA) terms—specifically, "concerning the implementation of," "program," and "activity"—in Section 20507(i)(1). 2026 WL 1144703, at *11

None of those words appear in Title III of the Civil Rights Act (CRA), which allows the Attorney General to demand "all records or papers which come into [an officer of election's] possession relating to any application, registration, . . . or other act requisite to voting in [an] election." 52 U.S.C. 20701. An SVRL fits squarely within that language because it plainly relates to voters' registrations. *E.g.*, U.S. Br. 26-28.

Further, *Nago*'s statement (*see* Letter 1-2) that it would be "plainly unworkable and implausible" for States to retain the SVRL "'for at least two years'" depends on the unexplained assumption that "states would be obliged to preserve every interim version of the [SVRL] for two years." 2026 WL 1144703, at *13 (quoting 52 U.S.C. 20507(i)(1)). That assumption is incorrect. *See* U.S. Reply Br. 24 (explaining that updating the SVRL is consistent with retention obligations). Because this dictum is based on a false premise, it should not impact this Court's CRA analysis.

- 2 -

California also cannot rely on *Nago* regarding what is "necessary to NVRA enforcement" (Letter 2). *Nago* is about public disclosure requirements under the NVRA. The Attorney General's power and duty to enforce compliance with federal election law is significantly broader than the public's, and the Attorney General *does* require the SVRL to fulfill that duty. U.S. Reply Br. 17-18, 26. And unlike the public, the Attorney General can rely on 52 U.S.C. 20703 against which Congress enacted the NVRA and HAVA. U.S. Br. 25-26.

.

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via CM/ECF)

- 2 -