

CALIFORNIA
**DEPARTMENT OF JUSTICE**

**Rob Bonta**
*Attorney General*

1300 I STREET, SUITE 125
SACRAMENTO, CA 95814

Public: (916) 445-9555
Telephone: (916) 210-6004
Facsimile: (916) 324-8835
E-Mail: Andra.Lim@doj.ca.gov

May 14, 2026

**VIA ACMS**
Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:   *United States v. Weber*, No. 26-1232
      Argument Scheduled May 19, 2026
      Response to Citation of Supplemental Authority

Dear Ms. Dwyer,

U.S. DOJ's letter regarding the OLC opinion is an improper surreply for the reasons explained in Intervenors-Appellees' response. The State of California and the Secretary of State submit this response to highlight another aspect of the opinion: that U.S. DOJ has concealed its actual purposes in seeking unredacted voter lists from California and other States. Specifically, the opinion confirms that U.S. DOJ's purposes include investigating (a) whether noncitizens "are being removed from voter-registration lists," and (b) whether noncitizens have committed voter fraud. Op. 4-5. The opinion explains that U.S. DOJ's Civil

May 14, 2026
Page 2

Rights Division asked OLC whether the federal government could "compel states to produce their voter registration lists" and "share such lists with DHS for the purpose of identifying illegal aliens who are ineligible to vote." Op. 1. The opinion states that in "early September 2025," OLC answered "in the affirmative." Op. 1.

When U.S. DOJ litigated this case in the district court—beginning when it filed its complaint on September 25, 2025—it did not disclose its purposes of investigating the removal of noncitizens from voter lists or investigating noncitizens for voter fraud. In its appellate briefing, U.S. DOJ made only passing references to concerns about noncitizens on voter lists, *e.g.*, Dkt. 12.1 at 15, while maintaining that its purpose was to enforce statutory list maintenance requirements. Those requirements do not cover noncitizens, Answering Br. 11, much less discuss criminal voter fraud—which U.S. DOJ has *never* made even a passing reference to when representing its purposes to the district court or this Court. The OLC opinion lays bare that U.S. DOJ has never been forthright about its intentions during this litigation.

U.S. DOJ's omission of the purposes described in the OLC opinion also means it has failed to satisfy Title III's requirement that a demand for records "shall contain a statement" of "*the purpose* therefor." 52 U.S.C. § 20703

May 14, 2026
Page 3

(emphasis added).  The use of the definite article "the" in Section 20703 makes

clear that the demand "must include the *actual* purpose."  Answering Br. 28.  U.S.

DOJ's demand to the Secretary said nothing about its purposes regarding

noncitizens.  2-ER-264.


Sincerely,

*/s/ Andra Lim*

ANDRA LIM
Deputy Solicitor General

For  ROB BONTA
Attorney General

cc:  All Counsel of Record (via ACMS)