

**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC  20044-4403*

May 27, 2026

**<u>VIA ACMS</u>**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

> Re: *United States v. Weber*, No. 26-1232 (9th Cir.) (oral argument held May 19, 2026)—Appellant United States' Response to Intervenors' Rule 28(j) Letter (Doc. 108)

Dear Ms. Dwyer:

The United States submits this letter in response to intervenors' Citation of Supplemental Authorities filed May 21, 2026 (Intervenors' Ltr.). In *United States v. Bellows*, No. 1:25-cv-468, 2026 WL 1430481, at *7 (D. Me. May 21, 2026), and *United States v. Wisconsin Elections Commission* (*WEC*), No. 25-cv-1036, 2026 WL 1430354, at *4 (W.D. Wis. May 21, 2026), district courts ruled that SVRLs are not records that come into the possession of election officers because SVRLs are state-created. *See* Intervenors' Ltr. 1. These courts incorrectly limited the phrase "come into his possession" to exclude self-generated documents. 52 U.S.C. 20701; *see* U.S.

Br. 31-37; Reply Br. 19-24. The *WEC* court further conflated the United States' arguments about the moment "an election official [first] gains possession of the records" with the statute's limit on how long the duty to retain and preserve lasts. 2026 WL 1430354, at *4; *see* Intervenors' Ltr. 2.

The *Bellows* court further held that Title III of the Civil Rights Act cannot be used to enforce the NVRA and HAVA. 2026 WL 1430481, at *8; *see* Intervenors' Ltr. 1. The court admitted that "the text of Title III does not expressly limit the acceptable purposes for which the Attorney General can request documents." 2026 WL 1430481, at *7. But "[t]o determine whether the Attorney General's purpose [wa]s sufficient, [the court] start[ed] not with Title III, but with the text and structure of HAVA and the NVRA." *Ibid.* The NVRA and HAVA did not abrogate Title III, and it was error to use the silence of these later-enacted statutes to superimpose extratextual limitations on Title III. *See* U.S. Br. 22-28; Reply Br. 12-18.

Finally, the *WEC* court erred in finding "tension" between the "retain and preserve" requirement of 52 U.S.C. 20701 and the fact that SVRLS must be continuously updated. 2026 WL 1430354, at *5; *see* Intervenors' Ltr. 2. Proper retention and preservation include legally required updates; the statute mandates protection of covered records, not stagnancy. *See generally* Reply Br. 23-24; *Voter Reference Found., LLC v. Torrez*, 160 F.4th 1068, 1085 (10th Cir. 2025) (interpreting "maintain" under the NVRA).

- 2 -

- 3 -

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via ACMS)

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the word limit of Federal Rule

of Appellate Procedure 28(j) and Circuit Rule 28-6.

<u>s/ Andrew G. Braniff</u>
Andrew G. Braniff
Attorney


Date: May 27, 2026