

**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC 20044-4403*

May 27, 2026

**<u>VIA ACMS</u>**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
United States Court of Appeals
  for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

> Re: *United States v. Weber*, No. 26-1232 (9th Cir.) (oral argument held May 19, 2026)—Appellant United States' Response to Appellees' Rule 28(j) Letter (Doc. 109)

Dear Ms. Dwyer:

The United States submits this letter in response to appellees' Citation of Supplemental Authorities filed May 22, 2026 (Appellees' Ltr.). In *United States v. Bellows*, No. 1:25-cv-468, 2026 WL 1430481, at *7 (D. Me. May 21, 2026), the district court ruled that Title III of the Civil Rights Act cannot be used to investigate voter list maintenance. The court viewed the NVRA and HAVA as more specific provisions that control over Title III's general grant of authority to request records. *Id.* at *8. The court held that, in enforcing the NVRA and HAVA, the Attorney General may use only those statutes' "pre-suit investigation and enforcement

mechanisms . . . which do not contemplate production of the [SVRL]." *Ibid.*; *see* Appellees' Ltr. 1-2.

This reading conflicts with this Court's "obligation to interpret statutes with the assumption that Congress is aware of the legal context in which it is legislating" and the "basic canon of statutory construction" that courts "presume Congress does not silently abrogate existing law." *Flores v. Sessions*, 862 F.3d 863, 875 (9th Cir. 2017) (internal quotation marks and citation omitted). Congress enacted the NVRA and HAVA against the existing backdrop of Title III's broad records-demand provision, and no provisions in the NVRA or HAVA abrogated or superseded Title III. *See* U.S. Br. 25-28. As for the NVRA's *public*-inspection provision covering a different range of documents (*see* Appellees' Ltr. 1), that provision is different-in-kind from Title III's grant of authority to the Attorney General. *See* Reply Br. 16-17.

The *Bellows* court further erred in deciding that "traditional principles of federalism" favor a limited interpretation of Title III. 2026 WL 1430481, at *9; *see* Appellees' Ltr. 2-3. Unlike many areas of law that are left to the exclusive domain of states, federal elections are singled out in the Constitution as an area for congressional involvement; the Constitution specifically gives Congress the power to "make or alter" election regulations. U.S. Const. Art I, § 4, Cl. 1; *see* U.S. Br. 46.

- 2 -

- 3 -

Federalism concerns are, accordingly, "weaker" in this context. *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 14 (2013).

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via ACMS)

- 3 -

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the word limit of Federal Rule

of Appellate Procedure 28(j) and Circuit Rule 28-6.

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney

Date:  May 27, 2026