

ELIAS
LAW
GROUP

**1700 Seventh Ave, Suite 2100 | Seattle, WA 98101**

June 25, 2026

**VIA CM/ECF**

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

**Re:    Rule 28(j) Letter Submitted in *United States v. Weber*, Case No. 26-1232
        *Argued May 19, 2026***

Dear Ms. Dwyer:

Pursuant to Rule 28(j) and Circuit Rule 28-6, NAACP Intervenor-Appellees advise the Court of decisions in *United States v. Benson*, No. 26-1225 (6th Cir. June 24, 2026) (**Exhibit A**), and *United States v. DeMarinis*, No. 25-cv-3934, 2026 WL 1780586 (D. Md. June 18, 2026).

The Sixth Circuit in *Benson* affirmed dismissal of DOJ's complaint demanding Michigan's voter list on two alternative grounds. First, the Sixth Circuit held that the list "is an internally generated electronic database, not a record acquired from an outside source," and so did not "come into" the possession of election officials, as required to be covered by the Civil Rights Act of 1960 ("CRA"). Ex. A at 9; *see* NAACP Br. at 41-47 (advancing this argument). The court reached that conclusion by looking to dictionary definitions, ordinary usage, and statutory context. Ex. A at 9. The court explained that construing the CRA to cover voter lists would put the CRA "on a collision course with the NVRA and HAVA," because those statutes require election officials to "constantly change" voter lists, while the CRA makes it a crime to "alter" any covered records. Ex. A at 10-11; *see* NAACP Br. at 47-48. The court also explained that reading the CRA to extend to all records *in* the possession of election officials would render the phrase "come into" superfluous. Ex. A at 11. And the court rejected many of the counterarguments DOJ advanced here, such as its contention that the phrase "come into possession" creates a "temporal distinction." *Id*. at 12-14; *see* U.S. Br. at 35.

June 25, 2026
Page 2

Second, the Sixth Circuit alternatively held that, even if the CRA could reach a State's voter list, DOJ failed to state both the basis and the purpose for its demand in a single letter, as the CRA requires. Ex. A at 15-16; *see* NAACP Br. at 36-37.

In addition, the court in *DeMarinis* became the ninth district court to dismiss DOJ's suits for voter lists, holding that Maryland's list is not a record that came into the possession of election officials. *See* 2026 WL 1780586 at *4-5.

Respectfully submitted,

/s/ *Abha Khanna*
Abha Khanna
Tyler L. Bishop
Walker R. McKusick
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Ste. 2100
Seattle, WA 98101
Tel.: (202) 948-1135
akhanna@elias.law
tbishop@elias.law
wmckusick@elias.law

Lalitha D. Madduri
Christopher D. Dodge
Jacob D. Shelly
Branden D. Lewiston
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Ste. 400
Washington, DC 20001
Tel.: (202) 948-1135
lmadduri@elias.1aw
cdodge@elias.1aw
jshelly@elias.1aw
blewiston@elias.law

*Counsel for Intervenor-Appellees NAACP, NAACP California-Hawaii State Conference, and SIREN*

cc: All Counsel (via CM/ECF)

June 25, 2026
Page 3

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this letter complies with the word limit of Federal Rule

of Appellate Procedure 28(j) and Circuit Rule 28-6.

<u>/s/ *Abha Khanna*</u>
Abha Khanna