

**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC 20044-4403*

July 20, 2026

**<u>VIA ACMS</u>**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

> Re: *United States v. Weber*, No. 26-1232 (9th Cir.) (oral argument held May 19, 2026)—Appellant United States' Response to Appellees' Rule 28(j) Letters (Docs. 114.1 & 115.1)

Dear Ms. Dwyer:

The United States hereby responds to NAACP's and Secretary Weber's (collectively, "defendants") Citations of Supplemental Authorities filed July 14, 2026.

Defendants have cited several district court decisions dismissing the United States' claims under Title III and suggest that the existence of more decisions (as opposed to their particular rationales) shows that defendants' arguments must be right. *See* Weber Ltr. 2; NAACP Ltr. 2. In each of these cases, the United States has either filed notices of appeal or is considering doing so.

As for these courts' rationales, defendants rely on some courts' conclusions that the Attorney General must state a "factual basis" for his demand (NAACP Ltr. 1-2; Weber Ltr. 1). Those courts erred in scrutinizing the basis set forth in the Attorney General's demand, but in any event, the Attorney General stated a factual basis in the demand made to Secretary Weber. U.S. Br. 14-22; Reply Br. 7-12; *see United States v. Benson*, 179 F.4th 470, 488 (6th Cir. 2026) (Nalbandian, J., dissenting) (identifying "the litany of questionable registration practices outlined" in the DOJ's letters in that case). NAACP argues that the SVRL is not a "record[]" or "paper[]" covered by Title III (NAACP Ltr. 1-2)—an argument the United States has already rebutted at length. U.S. Br. 31-37; Reply Br. 19-24; *accord Benson*, 179 F.4th at 486-487 (Nalbandian, J., dissenting). Defendants point to some courts' conclusions about permissible purposes under Title III (NAACP Ltr. 1-2; Weber Ltr. 2), but Title III's text omits any language narrowing what purpose suffices for a demand. *See* 52 U.S.C. 20703; U.S. Br. 22-31; Reply Br. 12-18. Finally, NAACP singles out one district court's holding that the United States filed its suit in the wrong district (NAACP Ltr. 2); notably, NAACP waived this argument below, Fed. R. Civ. P. 12(h)(1), and Secretary Weber—who initially raised but then waived this argument below—has declined to meaningfully press it on appeal (*see* Weber Br. 5-6 & n.1).

- 2 -

- 3 -

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via ACMS)

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the word limit of Federal Rule

of Appellate Procedure 28(j) and Circuit Rule 28-6.

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney

Date:  July 20, 2026