

**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC  20044-4403*

August 5, 2026

**<u>VIA ACMS</u>**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
United States Court of Appeals
 for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

> Re: *United States v. Weber*, No. 26-1232 (9th Cir.) (oral argument held May 19, 2026)—Appellant United States' response to intervenors-appellees' Rule 28(j) letter (C.A. Doc. 118)

Dear Ms. Dwyer:

The United States submits this letter in response to intervenors-appellees' Rule 28(j) letter, filed August 3, 2026. The State Voter Registration List (SVRL) is not just any "record[] . . . requisite to voting," 52 U.S.C. 20701, but a federally mandated record that "serve[s] as the official voter registration list for the conduct of all elections for Federal office in the State," 52 U.S.C. 21083(a)(1)(A)(viii). Nonetheless, the courts in *United States v. Matthews*, No. 3:25-cv-3398, 2026 WL 2212877, at *3-4 (C.D. Ill. July 31, 2026); *United States v. Caldwell*, No. 3:26-cv-2025, 2026 WL 2186515, at *6-8 (D.N.J. July 29, 2026); *United States v. Adams*, No. 3:26-cv-19, 2026 WL 2123871, at *4-5 (E.D. Ky. July 23, 2026), *appeal*

*pending*, No. 26-5657 (6th Cir. docketed July 24, 2026); and *United States v. Thomas*, No. 3:26-cv-21, 2026 WL 2070437, at \*5-6 (D. Conn. July 17, 2026), *appeal pending*, No. 26-2064 (2d Cir. docketed July 28, 2026), ruled that an SVRL is not a "record" for purposes of Title III, 52 U.S.C. 20701 *et seq.*, because election officials created it, and therefore it does not "come into [their] possession," *ibid.* This narrow interpretation of Title III circumvents congressional intent of the Act, which was to prevent election officials in the 1960's from discriminating against black voters.

The district courts also erroneously reasoned that if an SVRL were a Title III "record," then updating the SVRL would "alter" a record in violation of Title III's criminal provision. *See, e.g.*, *Matthews*, 2026 WL 2212877, at \*4. But that provision uses the word "willfully" followed by verbs that clearly limit the provision to the willful spoliation of records, something that has nothing to do with updating an SVRL. *See Bryan v. United States*, 524 U.S. 184, 191 (1998) ("As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.'").

Further, the court in *Adams* incorrectly held that a Title III demand for records must be in a single statement, not in a series of letters. 2026 WL 2123871, at *6. This unnecessarily formalistic reading has no textual basis.

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via ACMS)

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the word limit of Federal Rule

of Appellate Procedure 28(j) and Circuit Rule 28-6.

s/ Andrew G. Braniff
ANDREW G. BRANIFF
Attorney

Date: August 5, 2026