ELIAS LAW GROUP

1700 Seventh Ave, Suite 2100 | Seattle, WA 98101

August 19, 2026

**VIA CM/ECF**

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

**Re: Rule 28(j) Letter Submitted in *United States v. Weber*, Case No. 26-1232**
***Argued May 19, 2026***

Dear Ms. Dwyer:

Pursuant to Rule 28(j) and Circuit Rule 28-6, NAACP Intervenor-Appellees advise that four more district courts have dismissed DOJ's suits demanding voter lists under the Civil Rights Act of 1960 ("CRA"). *United States v. Simon*, No. 25-CV-3761-KMM-EMB, 2026 WL 2389778 (D. Minn. Aug. 17, 2026); *United States v. Aguilar*, No. 3:25-CV-00728-ART-CLB, 2026 WL 2364502 (D. Nev. Aug. 14, 2026); *United States v. Evans*, No. CV 25-4403-RDM, 2026 WL 2267774 (D.D.C. Aug. 6, 2026); *United States v. Griswold*, No. 25-CV-03967-PAB-TPO, 2026 WL 2235374 (D. Colo. Aug. 3, 2026). The Sixth Circuit also denied DOJ's motion for rehearing en banc. *United States v. Benson*, No. 26-1225, 2026 WL 2364306 (6th Cir. Aug. 14, 2026).

Each of the four new district courts to issue decisions rejected DOJ's assertion that CRA claims are exempt from the Federal Rules of Civil Procedure and judicial review. *Simon*, 2026 WL 2389778, at *7-8; *Aguilar*, 2026 WL 2364502, at *2-3; *Evans*, 2026 WL 2267774, at *4-5; *Griswold*, 2026 WL 2235374, at *3. All four also held that states' dynamic voter registration lists are not records that "come[] into" the possession of election officials, as required to place a record within the scope of the CRA. *Simon*, 2026 WL 2389778, at *8-11; *Aguilar*, 2026 WL 2364502, at *4-5; *Evans*, 2026 WL 2267774, at *6-11; *Griswold*, 2026 WL 2235374, at *4-5. *Evans* further examines the history that led to the enactment of the CRA, explaining the statute was meant to enable "comparative analysis" of voter application forms by putative voters to detect patterns of racial discrimination. 2026 WL 2267774, at *9-10. Voter lists would not have assisted with such investigations and were already largely "treated as public records," so Congress had no need to pass the CRA for this purpose. *Id*. at *10. *Aguilar* also dismissed on the independent grounds that DOJ failed to state any factual basis for its demand, as required by the CRA. 2026 WL 2364502, at *6.

Twenty-three district courts and the Sixth Circuit have now found DOJ's claims for States' voter lists to be meritless. No court has held otherwise.

Respectfully submitted,

/s/ *Abha Khanna*

Abha Khanna
Tyler L. Bishop
Walker R. McKusick
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Ste. 2100
Seattle, WA 98101
Tel.: (202) 948-1135
akhanna@elias.law
tbishop@elias.law
wmckusick@elias.law

Lalitha D. Madduri
Christopher D. Dodge
Jacob D. Shelly
Branden D. Lewiston
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW
Ste. 400
Washington, DC 20001
Tel.: (202) 948-1135
lmadduri@elias.1aw
cdodge@elias.1aw
jshelly@elias.1aw
blewiston@elias.law

*Counsel for Intervenor-Appellees NAACP, NAACP California-Hawaii State Conference, and SIREN*

cc: All Counsel (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6.

/s/ *Abha Khanna*
Abha Khanna